ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 5 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIVE STAR ENTERPRISES, INC., Successor in interest for TDMC ENTERPRISES, INC., d/b/a CHEMSTATION ATLANTA, and CHARLES E. SMITH, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION ) |
| v. | ) FILE NO. _____ ) |
| RUSSELL FAVORITE and CHEMSTATION OF BIRMINGHAM, | ) **1:10-CV-0126** ) ) |
| Defendants. | ) ) ) |

---

## DEFENDANTS' ANSWER

---

COME NOW Defendant Russell Favorite ("Defendant Favorite") and Defendant DJR Associates, LLC d/b/a Chemstation of Alabama, incorrectly styled in the above-styled action as Chemstation of Birmingham ("Defendant Chemstation") (and together with Defendant Favorite, "Defendants") and as their Answer in the above-styled action, respectfully show the Court as follows:

307920 v1

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims against Defendants are barred because Defendants were not the cause in fact, nor the proximate cause, of Plaintiffs' alleged damages, if any.

## THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, were or may have been caused by the unforeseeable intervening and superseding acts or omissions of others.

## FOURTH DEFENSE

Plaintiffs' claims against Defendants are barred because Plaintiffs failed to mitigate their damages, if any.

## FIFTH DEFENSE

Plaintiffs' fraudulent inducement claim against Defendants is barred because Plaintiffs have failed to plead fraud with particularity as required by O.C.G.A. § 9-11-9(b).

## SIXTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, based on lack and/or failure of consideration.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, by the failure of condition(s) precedent.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, based upon the doctrine of waiver.

## NINTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, based upon the doctrines of estoppel, duress, and unclean hands.

## TENTH DEFENSE

Plaintiffs' claims against Defendants are barred for lack of personal jurisdiction and improper venue.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, because Defendants did not breach any agreement with Plaintiffs.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, because Defendants did not intentionally interfere with Plaintiffs' contractual/economic relationships.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, either in whole or in part, because Defendants have not converted any of Plaintiffs' property.

### FOURTEENTH DEFENSE

Defendants contest damages and demand strict proof thereof.

### FIFTEENTH DEFENSE

Plaintiffs have an adequate remedy at law and are not entitled to equitable relief.

### SIXTEENTH DEFENSE

Plaintiffs' claim for punitive damages is barred because Plaintiffs have failed to plead any facts that show, and will be unable to prove, that Defendants have acted at any time with malice or with specific intent to harm Plaintiffs.

### SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages is barred because Plaintiffs are not entitled to such damages, and any award of punitive damages against Defendants will violate the due process clauses of the Georgia and United States Constitutions.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against Defendants are barred because, on information and belief, Plaintiffs entered into a settlement agreement in connection with the customers at issue in the Complaint and Plaintiff does not have standing to assert that the customers at issue belong to them.

### NINETEENTH DEFENSE

Plaintiffs' claims against Defendants are barred by virtue of accord and satisfaction, payment, release and/or res judicata or collateral estoppel.

### TWENTIETH DEFENSE

Plaintiffs' claims against Defendants are barred on the grounds of fraud on the part of Plaintiffs.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims against Defendants are barred on the grounds that Plaintiffs cannot maintain an action against Defendants' principal and therefore, Plaintiffs cannot maintain an action against Defendants.

### TWENTY-SECOND DEFENSE

Defendants hereby reserve the right to assert additional affirmative defenses as they become known or available as discovery progresses.

## **TWENTY-THIRD DEFENSE**

Defendants show the   Court the following in response to the individual numbered paragraphs of the Complaint:

1.

With respect to the allegations contained in paragraph 1 of the Complaint, Defendants admit that Defendant Favorite is a resident of Alabama and that he is employed with Defendant Chemstation.  The remaining allegations of paragraph 1 are hereby denied.

2.

With respect to the allegations contained in paragraph 2 of the Complaint, Defendants admit that Defendant Chemstation is an Alabama corporation with its principal place of business located in Bessemer, Alabama.  Defendants also admit that Defendant Favorite serves as its registered agent.  The remaining allegations contained in paragraph 2 of the Complaint contain Plaintiffs' legal conclusions to which Defendants are not required to respond and therefore deny same.

3.

The allegations contained in paragraph 3 of Plaintiffs' Complaint contain Plaintiffs' legal conclusions to which Defendants are not required to respond and therefore deny same.

307920 v1

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore deny same.

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore deny same.

6.

Admitted.

7.

With respect to the allegations contained in paragraph 7 of the Complaint, Defendants admit that it received a customer list from Plaintiffs but does not recall the actual day it was received.

8.

With respect to the allegations contained in paragraph 8 of the Complaint, Defendants admit that Defendant Favorite executed a Confidentiality Agreement but deny violating said Agreement. The remainder of the allegation is denied.

9.

With respect to the allegations contained in paragraph 9 of the Complaint, Defendants aver that the terms and conditions of the Confidentiality Agreement speak for themselves.   As an additional response, Defendants deny violating/breaching the Confidentiality Agreement.

10.

Denied.

11.

With respect to the allegations contained in paragraph 11 of the Complaint, Defendants admit that Plaintiffs demanded the return of the customer list but deny that a copy of the cease and desist letter was attached to the Complaint.

12.

With respect to the allegations contained in paragraph 12 of the Complaint, Defendants aver that it responded to Plaintiffs' request for the return of the customer list and indicated that the customer list had been destroyed and could not be returned.  The remaining allegations contained in paragraph 12 of the Complaint are hereby denied.

13.

With respect to the allegations contained in paragraph 13 of the Complaint, Defendants aver that the terms and conditions of the Confidentiality Agreement speak for themselves. As an additional response, Defendants deny violating/breaching the Confidentiality Agreement.

14.

Denied.

15.

Denied.

16.

Denied.

17.

With respect to the allegations contained in paragraph 17 of the Complaint, Defendants aver that the terms and conditions of the Confidentiality Agreement speak for themselves. As an additional response, Defendants deny violating/breaching the Confidentiality Agreement.

18.

With respect to the allegations contained in paragraph 18 of the Complaint, Defendants admit that Plaintiff ChemStation Atlanta asked for the return of the

customer list.  Defendants deny that they "refused" to return the list, but rather aver that they responded to Plaintiff that the customer list had already been destroyed and could not be returned.

19.

Denied.

20.

Denied.

**COUNT ONE**

**BREACH OF AGREEMENT**

21.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

22.

The allegations contained in paragraph 22 of the Complaint contain Plaintiffs' legal conclusions to which Defendants are not required to respond and therefore deny same.

23.

Denied.

24.

With respect to the allegations contained in paragraph 24 of the Complaint, Defendants admit that Defendants did not purchase Plaintiffs' business and aver that the customer list was not returned because it was destroyed.  As an additional response, Defendants deny violating/breaching the Confidentiality Agreement.

25.

Denied.

## COUNT TWO

## FRAUDULENT INDUCEMENT

26.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

## COUNT THREE

## INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONSHIPS

33.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

34.

Denied.

35.

With respect to the allegations contained in paragraph 35 of the Complaint, Defendants admit that they did not return the customer list to Plaintiffs because said customer list had been destroyed and was no longer in Defendants' possession.

36.

Denied.

37.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore deny same.

38.

Denied.

39.

Denied.

40.

Denied.

## COUNT FOUR

## THEFT BY DECEPTION

41.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Denied.

## **COUNT FIVE**

## **CONVERSION**

47.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

48.

Defendants admit they received a customer list.  Defendants admit that in connection with negotiations to potentially purchase the business, a Confidentiality Agreement was executed.  The remainder of the allegations are denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

## COUNT SIX

## PUNITIVE DAMAGES

53.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

## COUNT SEVEN

## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

58.

Defendants reassert and incorporate herein by reference their responses to the preceding paragraphs of Plaintiffs' Complaint above as if fully set forth herein.

59.

Denied.

60.

Defendants deny any and all allegations contained in the Complaint not specifically admitted herein.  Defendants further deny that Plaintiffs are entitled to any of the relief sought in the Complaint.

WHEREFORE, Defendants pray for the following relief:

(a)    that this action, and all claims asserted therein, be dismissed with prejudice;

(b)    that all costs of this action be taxed against Plaintiffs; and

(c)    for such other and further relief as this Court deems equitable and proper under the circumstances.

307920 v1

Respectfully submitted this _____ day of January, 2010.

Betsy P. Collins
Georgia Bar No. 364968
bcollins@burr.com
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com
Jodi M. Dixon
Georgia Bar No. 208180
jdixon@burr.com
Attorneys for Defendants Russell
Favorite and DJR Associates, LLC
d/b/a Chemstation of Alabama

BURR & FORMAN LLP
Suite 1100
171 17th Street, N.W.
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **DEFENDANTS' ANSWER** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

_____
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000

307920 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' ANSWER** has been served on the following by directing same to the following address through first-class, United States mail, postage prepaid, on this the 15th day of January, 2010:

> Janise L. Miller
> P. O. Box 11229
> Atlanta, Georgia  30310

_____
Kwende B. Jones
Georgia Bar No. 041155
kbjones@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

307920 v1