**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FIVE STAR ENTERPRISES, INC., Successor in interest for TDMC ENTERPRISES, INC., d/b/a CHEMSTATION ATLANTA, and CHARLES E. SMITH, :<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL FAVORITE and CHEMSTATION OF BIRMINGHAM,<br><br>Defendants. | CIVIL ACTION NO.<br>1:10-CV-0126-RWS |

## **ORDER**

This case is before the Court for consideration of Plaintiffs' Applications for Temporary Restraining Order and for Temporary and Permanent Injunction [3]. After reviewing the record, the Court enters the following Order.

Plaintiffs originally filed this action in the Superior Court of Fulton County. On January 15, 2010, Defendants removed the case to this Court. In Plaintiffs' Application for injunctive relief, they assert that Defendant Russell Favorite ("Favorite") approached Plaintiff Charles E. Smith ("Smith"),

AO 72A
(Rev.8/82)

President of TDMC Enterprises, Inc. ("TDMC") about purchasing ChemStation Atlanta.  TDMC and Smith entered into a Confidentiality Agreement with Favorite so that they could provide their confidential customer list to Favorite for use in his due diligence for the purchase of the ChemStation Atlanta business.  Defendants received the customer list but failed to purchase the business.  Plaintiffs asserts that Defendants have breached the Confidentiality Agreement by using Plaintiffs' customer list for Defendants' own separate business venture.  Plaintiffs assert that Defendants are contacting customers of Plaintiffs in an effort to destroy Plaintiffs' current business relationships.  Thus, Plaintiffs seek injunctive relief preventing further contact with Plaintiffs' customers.

In their Response, Defendants assert that Smith contacted Favor about ChemStation of Alabama purchasing ChemStation Atlalnta.  Favorite acknowledges entering into the Confidentiality Agreement with Plaintiffs.  The information received from Plaintiffs showed the companies who bought ChemStation products from Plaintiffs and the sales volumes.  The Confidentiality Agreement prohibited Defendants from disclosing the information to third parties or from using it for any purpose other than conducting due diligence related to the potential purchase.  The Confidentiality

2

Agreement specifically provided that it would terminate if Defendants independently discovered otherwise confidential information by their own research or if another party rightfully communicated the information to Defendants subsequently.

After Defendants decided not to purchase Plaintiffs' business, Defendants learned that ChemStation International planned to terminate the Franchise Agreement of Plaintiffs.  ChemStation International requested that Defendants buy the rights to the Atlanta ChemStation franchise.  An agreement was reached between Defendants and ChemStation International.  Defendants then had access via a computer website to ChemStation International's customers, customer history, orders, invoicing, etc.  Defendants were granted access to the Atlanta customer information through ChemStation International's website.  Thus, Defendants utilized that information rather than information provided to them by Plaintiffs.

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) . . . irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the

3

AO 72A
(Rev.8/82)

absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). The issuance of a preliminary injunction is, indeed, an extraordinary remedy that should not be granted unless the movant clearly carries the burden of persuasion as to the four elements. Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990).

    The Court concludes that Plaintiffs have failed to establish entitlement to a temporary restraining order or a preliminary injunction. Plaintiffs have failed to show that they have a substantial likelihood of success on the merits of their claims. Defendants have offered evidence of an alternative source of the information concerning Defendants' customers. Use of that source would not violate the Confidentiality Agreement of the parties. Also, Plaintiffs have failed to show that they would suffer an irreparable injury if injunctive relief is not granted. The injuries alleged by Plaintiffs can be remedied by monetary damages. Finally, the Court concludes that the public interest would not be served by issuing an injunction in this case.

Based on the foregoing, Plaintiffs' Applications for Temporary Restraining Order [3-1] and Preliminary Injunction [3-2] are **DENIED**.

**SO ORDERED**, this   26th   day of April, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE